Filed 7/2/13  P. v. Melger CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>THOMAS JOSEPH MELGER,<br><br>Defendant and Appellant. | C073019<br><br>(Super. Ct. No. CRF122589) |

Appointed counsel for defendant Thomas Joseph Melger asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will modify the judgment to award defendant 85 days of presentence custody credit and 42 days of presentence conduct credit.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

## I

Because the matter was resolved by plea and defendant waived referral to the probation department, the facts are taken from the stipulated factual basis for the plea. Defendant entered a commercial establishment in January 2011 and passed a forged check. He pleaded no contest to making, passing and uttering a fictitious instrument. (Pen. Code, § 476.)[1] In addition, he admitted a prior serious felony conviction (§§ 667, subds. (b)-(i), 1170.12) and a prior prison term (§ 667.5, subd. (b)).

The trial court dismissed three related counts in light of the plea and in the interest of justice; sentenced defendant to a stipulated term of three years eight months in prison (the low term of 16 months, doubled for the prior serious felony conviction, plus one year for the prior prison term); awarded 160 days of presentence custody credit and 52 days of presentence conduct credit; and ordered defendant to pay a $240 restitution fine (§ 1202.4), a $240 parole revocation fine (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)) and a $30 court facilities assessment (Gov. Code, § 70373). In addition, the trial court ordered a post-sentence probation report to confirm the presentence credit and advised defendant that his attorney would be notified if the probation department determined that the credit award was too high.

The probation department filed a post-sentence report indicating that defendant was not entitled to presentence credit for time spent in custody on an unrelated parole violation. The trial court issued a certificate of probable cause, but defendant's appellate counsel advised defendant to abandon the appeal to avoid a reduction in the award of presentence credit.

---

[1] Undesignated statutory references are to the Penal Code.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief asking us to augment the appellate record to include reporter's transcripts for various oral proceedings between June and November 2012.  The clerk's minutes for those dates suggest that the proceedings involved continuances and an arraignment on an amended complaint.  There is no indication that any of the oral proceedings should be part of the record on appeal.  (Cal. Rules of Court, rules 8.320(c), 8.340(b).)  Defendant simply says that he cannot prove his case until the materials are added to the record.  Although a reviewing court may order augmentation of the record on motion of a party (Cal. Rules of Court, rule 8.340(c)), the record does not establish good cause for the requested augmentation.

Defendant's supplemental brief also includes citations to various constitutional provisions, statutes, and secondary authorities.  The citations are not accompanied by a claim of error or analysis.

Nonetheless, we examined the entire record.  Our review discloses that, as described in the post-sentence probation report, defendant is only entitled to 85 days of presentence custody credit and only 42 days of presentence conduct credit.  We will modify the judgment to reflect the proper credit award.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is modified to award defendant 85 days of presentence custody credit and 42 days of presentence conduct credit.  The judgment is affirmed as modified. The trial court is directed to prepare an amended abstract of judgment reflecting the

judgment as modified and to forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.


                                                          MAURO       , Acting P. J.


We concur:


               MURRAY          , J.


               DUARTE          , J.